### A00A2315. WHITE v. THE STATE.
(542 SE2d 582)

BLACKBURN, Presiding Judge.

Following a jury trial, Edward David White appeals his conviction for the robbery of the Favorite Market convenience store, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [White] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State.*[1] See *Jackson v. Virginia.*[2]

Viewed in this light, the record shows that, around 12:00 a.m. on April 15, 1999, White entered the Favorite Market. White attempted to buy a beer, and the clerk, Amanda Hayes, told him that he could not purchase alcohol on Sunday. White then brought some breath mints to the counter, handed Hayes $1, and waited for her to open the register. When the register was opened, White reached across the counter, grabbed $264 out of the register, and fled. Hayes testified that the store was well lit and she got a good look at White's face. Hayes identified White as the perpetrator from a photo array and at trial.

The trial court also admitted similar transaction evidence that, around 7:00 a.m. on the same day, White entered the Fueling Around convenience store and committed a similar robbery. The clerk of this store, Linda Dalton, testified that White placed 31¢ on the counter, pretended that he wanted to purchase a pack of gum, and waited for her to open the register. When the register was opened, White shoved Dalton out of the way, grabbed money out of the register, and fled the store. Several customers chased after White, but he got away in his

---

[1] *Kovacs v. State*, 227 Ga. App. 870, 871 (1) (490 SE2d 539) (1997).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

gray station wagon. Detective Terrence Holcomb arrived shortly after the robbery, spotted White's station wagon, and chased him down the interstate at speeds exceeding 100 mph. Detective Holcomb, however, aborted the chase because he believed the safety of other drivers on the road was being jeopardized.

After the chase, White crossed the state line into Tennessee and abandoned his station wagon in Chattanooga. Holcomb identified the abandoned car as the one he had chased, and he found White's employee identification in the car. Dalton identified a shirt found in the car that White was wearing when he robbed Fueling Around. Both Dalton and Holcomb positively identified White as the person who robbed Fueling Around and fled from the scene, respectively.

Finally, similar transaction evidence was presented regarding White's robbery of a Golden Gallon convenience store on October 12, 1994. White, who pled guilty to this robbery, stated that he approached the clerk, asked for change, and began grabbing money when the register was opened. White then ran out of the store and drove away. He was later apprehended.

As the evidence against White in this case was overwhelming, we find that the judgment against him was amply supported. See *Jackson*, supra. Although White testified that he did not commit the robbery, it is well settled "that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited." (Punctuation omitted.) *Cooper v. State*.[3] Here, the jury rejected White's alibi, and this Court has no discretion to question that determination.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 20, 2000.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus*, District Attorney, *Herbert M. Poston, Jr.*, Assistant District Attorney, for appellee.

---

[3] *Cooper v. State*, 232 Ga. App. 461, 462-463 (1) (502 SE2d 306) (1998).