A01A1158. PHILLIPS v. THE STATE.
(553 SE2d 847)

Ellington, Judge.

A Dawson County jury convicted Dwight Glen Phillips of two counts of aggravated child molestation, OCGA § 16-6-4 (c). Phillips appeals from the judgment of conviction, contending the evidence was insufficient to support his convictions and the trial court erred in admitting certain evidence. Finding no error, we affirm.

1. On appeal from his criminal convictions, Phillips no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. *McCorkle v. State*, 245 Ga. App. 505, 506 (538 SE2d 161) (2000). So viewed, the record reveals that in 1990, the victim, nine-year-old K. P., her sister, S. P., and their mother, Sheila Phillips, lived with the appellant's mother, June Phillips Young. K. P. and S. P. stayed with Young while their mother recovered from having witnessed a car accident in which her husband, the appellant's brother, was killed. Phillips, who is K. P.'s uncle, lived nearby in a trailer. K. P. told investigators that from 1990 through 1993, Phillips fondled her breasts and genitals, put his finger inside her vagina, put his penis in her mouth, and once attempted anal intercourse with her. K. P. testified that Phillips often made her watch pornographic videos and reenact what she had seen. K. P. testified that on one occasion, Phillips took her to his bedroom and tried to have sexual intercourse with her. K. P. testified that Phillips put his penis inside her vagina and that it hurt so bad she cried out. S. P. testified that she saw K. P. on Phillips' bed and saw Phillips nude from the waist down.

After the girls moved out of their grandmother's home, S. P. told their mother what had happened to K. P. The mother spoke with K. P., and K. P. reluctantly explained that her uncle had been "doing things" to her. The mother notified the Department of Family & Children Services ("DFACS") and the sheriff's office. The sheriff and a DFACS employee also testified as to K. P.'s statements regarding the molestation. A gynecological examination revealed that K. P.'s hymen

had been perforated.

The State also introduced similar transaction testimony from R. G., Phillips' cousin. R. G. testified that when she was five years old, Phillips gave her money to put her mouth on his penis. When R. G. was ten years old, Phillips drugged her, took her to his bedroom, made her watch pornographic videos, and put his penis in her mouth. R. G. once tried to report Phillips' conduct to Young, her aunt. Young, however, ignored the complaint, calling R. G. "a little liar."

Phillips testified in his own defense, claiming he was never alone with S. P., K. P., or R. G. Young also testified that Phillips was never alone with the children. Young and her husband both testified that their relationship with K.P.'s mother soured after a court battle between them, intimating that K. P.'s mother fabricated the charges out of revenge. Young also claimed that R. G. was unduly influenced by her mother, Young's sister, whose relationship with Young had been strained.

In rebuttal, the State presented the testimony of J. R., R. G.'s brother. J. R. testified that when he was between six and twelve years old, he and his sister were frequently alone with Phillips, that Phillips showed him pornographic videos, and that Phillips engaged him in oral sodomy.

The evidence was sufficient to enable a rational trier of fact to find proof of Phillips' guilt of two counts of aggravated child molestation beyond a reasonable doubt under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *McCorkle v. State*, 245 Ga. App. at 507 (1).

2. Phillips contends the trial court erred in admitting S. P.'s statements regarding K. P.'s molestation through the testimony of other witnesses, a violation of the rule against hearsay, OCGA § 24-3-1. See *Phillips v. State*, 241 Ga. App. 764, 766-767 (527 SE2d 604) (2000). None of the statements about which Phillips complains, however, were made by S. P. Only K. P.'s statements, which were admissible under the Child Hearsay Statute, OCGA § 24-3-16, were placed in evidence. See *Crider v. State*, 246 Ga. App. 765, 766-767 (1) (542 SE2d 163) (2001). Because the record does not support Phillips' argument, this enumeration of error is without merit.

3. Phillips contends the trial court erred in allowing Sheila Phillips to testify that she suffered an emotional breakdown after she learned that K. P. had been molested. As we have held:

Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. Even though alone it may not be sufficient, evidence which in connection with other evidence tends, even slightly, to prove, explain, or illustrate a fact is probative and relevant. Doubt as to rele-

vancy should be resolved in favor of admission and against exclusion, with the evidence's weight left to the jury.

(Punctuation and footnotes omitted.) *Wells v. State*, 243 Ga. App. 629, 630-631 (2) (534 SE2d 106) (2000). Because the evidence was relevant to the witness's credibility and how the witness responded to K. P.'s outcry of molestation, the trial court did not abuse its discretion in admitting the testimony. See id.

4. Phillips also contends the trial court erred in admitting through the testimony of K. P., R. G., and J. R. evidence that Phillips possessed pornographic materials. Because Phillips failed to object to this testimony, the claim of error was not preserved for appeal. *Hines v. State*, 246 Ga. App. 835, 836 (1) (541 SE2d 410) (2001). Moreover, even if Phillips had properly objected, evidence of his possession of pornographic materials under these circumstances is inadmissible only when the State fails to properly link that evidence to the crime charged and offers it only to show the defendant's lustful disposition in general. See *Jowers v. State*, 245 Ga. App. 773, 774 (2) (538 SE2d 853) (2000). Because the witnesses testified that Phillips showed the pornographic videos to them, the fact that Phillips possessed those videos was properly linked to the crimes charged. Id.

5. Phillips argues the trial court erred in admitting the similar transaction testimony of J. R. on the sole ground that it should have been introduced during the State's case-in-chief and not on rebuttal. However, "[r]ebuttal testimony should not be excluded merely because the state could have introduced it during its main case." *Thompson v. State*, 237 Ga. App. 91, 93 (2) (514 SE2d 870) (1999). J. R.'s testimony rebutted the assertions and inferences that K. P., S. P., and R. G. fabricated their stories and that Phillips was never alone with the children. Consequently, it was properly admitted. See generally *Verble v. State*, 172 Ga. App. 321, 322 (2) (323 SE2d 239) (1984). We find no error.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 10, 2001.

*Sean A. Black*, for appellant.
*Lydia J. Sartain, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.