A01A1961. COLLINS v. THE STATE.
(556 SE2d 850)

RUFFIN, Judge.

A jury found Travis Collins guilty of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On appeal, Collins challenges the sufficiency of the evidence. In two enumerations of error, Collins also asserts that he was prejudiced by the fact that a juror who was related to him was allowed to serve on the jury that convicted him. For reasons that follow, we affirm.

1. "On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict."[1] So viewed, the evidence establishes that on August 21, 2000, two masked men robbed a liquor store at gunpoint. During the robbery, the store clerk pointed out a security camera, which evidently was attached to a VCR. Edgar Jackson, one of the perpetrators, dropped the gun and grabbed the VCR. Collins picked up the gun, and the two men fled to Hart Homes Apartments. Jackson testified that in addition to the VCR, he and Collins stole approximately $3,000.

While the robbery was in progress, Odessa Hart arrived at the store, and she saw the robbery take place through the store window. Hart then drove up to several employees of ComSouth Telecommunications who were working nearby, and she told them about the robbery and asked them to call the police. While Hart was stopped, the two robbers ran by her car. Chris Burch, one of the ComSouth employees, also saw the two men run by, and he watched them go into an apartment at Hart Homes Apartments. When the police

---

[1] *Sinclair v. State*, 248 Ga. App. 132 (546 SE2d 7) (2001).

arrived, Burch pointed out the apartment into which the men fled.

McArthur Brooks, a resident at the apartment, testified that on August 21, Collins and Jackson arrived at his apartment. According to Brooks, Jackson was still carrying the VCR. Shortly thereafter, the police arrived and escorted Brooks, a baby, and a girl from the apartment. The police ordered Collins and Jackson out of the apartment, but they remained inside. The police then used tear gas to flush the men from the apartment. When the officers entered the apartment, they found money scattered on the floor and discovered the VCR and a pistol hidden inside a closet. Collins was taken to jail, where a search revealed that he had approximately $1,600 hidden in his shoe.

On appeal, Collins asserts that the evidence was insufficient to support his conviction. We find this assertion without merit. The evidence of Collins' guilt can fairly be characterized as overwhelming, and we are hard-pressed to imagine a stronger case against a defendant. From the time of the robbery until the police arrived, Collins' whereabouts could be confirmed by at least one witness. And we are not troubled by the brief time it took for law enforcement officers to arrive at the apartment. "Although [Collins took the stand and] testified that he did not commit the robbery, it is well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole."[2] Here, the jury clearly was authorized to discredit Collins' self-serving testimony. It follows that this claim of error presents no basis for reversal.[3]

2. Collins also asserts that his due process rights were violated when the trial court permitted a juror to remain on the jury notwithstanding her relationship to him. After the jury was impaneled, one of the jurors discovered that she was related to Collins. The juror informed the trial court that she learned that Collins' "father is [her] first cousin." The trial court concluded that, as a second cousin of the defendant, the juror was not legally disqualified from serving.[4] The trial court then asked the juror whether her relationship with Collins would affect her "judgment at all one way or the other," and she responded that it would not. The trial court permitted the juror to continue serving on the jury, and Collins interposed no objection.

OCGA § 15-12-163 (b) (4) requires that a juror be set aside for cause if that "juror is so near of kin to the . . . accused . . . as to disqualify the juror by law from serving on the jury." And jurors are disqualified by relationship if they "are related by consanguinity or

---

[2] (Punctuation omitted.) *White v. State*, 246 Ga. App. 864, 865 (542 SE2d 582) (2000).

[3] See *Thorne v. State*, 246 Ga. App. 741 (1) (542 SE2d 157) (2000).

[4] Although the trial court characterized the relationship of the defendant and the juror as second cousins, they are, in fact, first cousins once removed. See *Cheeks v. State*, 234 Ga. App. 446, 448, n. 12 (507 SE2d 204) (1998).

affinity to any party . . . within the sixth degree as computed according to the civil law."[5] Here, the juror was related to Collins within the fifth degree.[6] Thus, the trial court erred in concluding that the juror was not legally disqualified from serving on Collins' jury.

It does not follow, however, that such error warrants reversal. "The disqualification of a juror may be expressly or impliedly waived by a party having cause to complain."[7] Where "the party having cause to complain knew of the relationship and remained silent, that party will be presumed to have waived the disqualification."[8] Here, Collins clearly knew of the relationship and failed to object. Accordingly, he may not raise his objection on appeal.[9] "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal."[10]

3. In his final enumeration of error, Collins argues that his trial counsel was ineffective for failing to object to his relative's continued service on the jury. "If an appellant raises on appeal the issue of ineffectiveness of his original trial counsel, and appellant did not have the opportunity to raise such issue in the trial court, we will ordinarily remand the case to the lower court for resolution of such issue."[11] Here, it is unclear whether Collins waived this issue.[12] Assuming, for the sake of argument, that Collins preserved the issue for appeal, we still find no basis for reversal because, as a matter of law, the record does not support Collins' assertion of ineffective assistance.[13]

"To establish ineffectiveness, a defendant must show that trial counsel's performance was deficient and that the deficiency caused sufficient prejudice to deprive him of a fair trial."[14] Here, the only alleged deficiency was the attorney's failure to request the removal of the juror to whom Collins was related. Although the law requires that jurors related to an interested party be excused for cause, "[t]he foundation of the principle is the presumption that [the] juror would tend to favor [her] kinsman."[15] We fail to see how the attorney's failure to insist upon the dismissal of a juror legally presumed to favor his client can constitute ineffective assistance.

---

[5] (Punctuation omitted.) Id. at 449; OCGA § 15-12-135 (a).

[6] See *Cheeks*, supra.

[7] (Punctuation omitted.) *Miller v. State*, 233 Ga. App. 814, 815 (1) (506 SE2d 136) (1998).

[8] (Punctuation omitted.) Id.

[9] *Ashford v. State*, 271 Ga. 148, 149 (2) (518 SE2d 420) (1999).

[10] (Punctuation omitted.) *Miller*, supra.

[11] *Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768) (1998).

[12] See id. at 730 (if appellate attorney has opportunity to raise ineffectiveness issue in motion for new trial, it is incumbent upon him to do so).

[13] See *Hunt v. State*, 247 Ga. App. 464, 469 (6) (542 SE2d 591) (2001).

[14] *Espy v. State*, 246 Ga. App. 1, 3 (5) (539 SE2d 513) (2000).

[15] *Wooten v. State*, 145 Ga. App. 743 (1) (245 SE2d 34) (1978).

Even assuming that the attorney rendered ineffective assistance, Collins is not entitled to reversal because he is unable to demonstrate prejudice. As discussed above, the evidence of his guilt is overwhelming, and we find it extremely unlikely that the jury would have reached a different verdict absent the alleged error of counsel. "Thus, [Collins'] inability to show prejudice precludes reversal on this basis."[16]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 29, 2001.

*Nicholas E. White*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.