## A02A0682. CORN v. THE STATE.
(568 SE2d 583)

JOHNSON, Presiding Judge.

This appeal from criminal convictions challenges several evidentiary rulings by the trial court and the effectiveness of trial counsel. The challenges are without merit, so we affirm the convictions.

Christopher Corn was accused of sexually assaulting three children. He denied the accusations and was tried before a jury. At trial, the state presented evidence that in 1997 Corn, his brother and another boy forced a 12-year-old girl to go into an empty press box at a ballpark. Once inside the press box, Corn and the others took turns forcing the girl to perform oral sex on them.

In 1998, an eight-year-old boy was riding his bike when Corn asked him to go into nearby woods to smoke a cigarette. The boy began to go with Corn, but stopped. Corn then covered the boy's mouth, dragged him by the arm into the woods and threatened to kill him. Corn pulled down the boy's pants and inserted his penis into the boy's anus.

In 1999, a seven-year-old girl was walking to her school bus stop when Corn accosted her. He grabbed her by the arm, dragged her into an alley, threatened to kill her, pulled down her pants, put his hand over her mouth and inserted his penis into her vagina. Corn then took the girl to a building in the same area and again assaulted her.

The jury found Corn guilty of aggravated child molestation for the 1997 incident. The jury found Corn guilty of aggravated sodomy, aggravated child molestation, enticing a child for indecent purposes and kidnapping for the 1998 assault. And the jury found Corn guilty of rape, aggravated sexual battery, aggravated child molestation and kidnapping for the 1999 attack.

The trial court sentenced Corn to serve 30 years in confinement for the 1999 incident, followed by 30 years in confinement for the 1998 incident, followed by 30 years on probation for the 1997 incident. Corn moved for a new trial, and the court denied the motion. Corn appeals from the denial of that motion.

1. Corn contends that the trial court erred in admitting into evidence three pictures of nude or partially nude women that were found in his bedroom. When the state tendered the pictures, Corn's attorney told the court that he did not object to their admission into evidence. Because he failed to object to the pictures at trial, Corn cannot object to them for the first time on appeal.[1]

2. Corn claims that the trial court erred in allowing the jury to hear an audiotape of his interrogation by an investigator without

---

[1] *Phillips v. State*, 251 Ga. App. 179, 181 (4) (553 SE2d 847) (2001).

first removing irrelevant, argumentative and prejudicial comments made by the investigator. Corn, however, has not specified which comments should have been removed or how he was prejudiced.[2] Without specific comments to review, it is impossible for us to determine if any reversible error occurred. Corn has failed to show harmful error by the record.[3]

3. Corn complains that the trial court erred in disallowing defense witness Michelle Morales' testimony that a young man named Stevie Cordle made statements to her indicating that he, and not Corn, had molested the seven-year-old girl and the eight-year-old boy. Corn's complaint is without merit because Georgia does not recognize such a third-party admission against penal interest which exculpates the defendant.[4] "It is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial."[5] The trial court therefore properly refused to admit Cordle's purported admission to Morales.

4. Corn argues that his trial counsel was ineffective because when he examined Cordle on the witness stand he failed to ask him if he had committed the crimes in question, because he failed to call another man as a witness to ask him if he had committed the crimes in question, because he failed to file a motion to sever offenses and because he failed to object to the introduction of condoms and the three pictures of nude women found in his room.

Which witnesses to call and how to conduct examinations of witnesses are matters of trial tactics and strategy that do not provide a basis for finding counsel's performance to have been deficient.[6] Accordingly, the decisions by Corn's attorney as to how to question Cordle and whether or not to call a particular witness do not amount to ineffective assistance of counsel.

Likewise, the decision whether to move for severance is a matter of trial tactics, and the failure to file such a motion does not require a finding that counsel was ineffective.[7] "Moreover, because of the liberal extension of the rule allowing similar transaction evidence in sexual offense cases, the molestation of each victim would have been admissible as a similar transaction at the trial of the other even had

[2] Compare *Holland v. State*, 221 Ga. App. 821, 825-826 (3) (472 SE2d 711) (1996).

[3] See *In the Interest of S. M. L.*, 228 Ga. App. 81, 83-84 (4) (b) (491 SE2d 186) (1997); *Mantooth v. State*, 197 Ga. App. 797, 799 (3) (399 SE2d 505) (1990).

[4] See *McCulley v. State*, 273 Ga. 40, 42 (2) (b) (537 SE2d 340) (2000).

[5] (Citations and punctuation omitted.) Id.

[6] *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999).

[7] *Mitchell v. State*, 220 Ga. App. 264, 265 (469 SE2d 707) (1996).

the offenses been severed."[8] Corn has failed to make a clear showing of prejudice as a result of counsel's decision not to file a motion to sever.[9]

As for the condoms and one of the pictures of a partially nude woman, such sexual paraphernalia found in a defendant's possession is admissible if it can be linked to the crimes charged.[10] Here, the eight-year-old boy testified that Corn wore a condom, and semen was also absent from the seven-year-old rape victim. The condoms found in Corn's bedroom were thus linked to the crimes and were admissible to explain the absence of semen. Moreover, the picture of the partially nude woman found in Corn's room was also linked to the attack on the seven-year-old girl because a drawing on that picture is similar to a drawing that was on the overalls worn by the girl's attacker. Corn's attorney cannot be said to have been ineffective for failing to object to evidence that was admissible.[11]

In regard to the other two pictures of nude women, even if we assume, without deciding, that the pictures were inadmissible, counsel's failure to object to the pictures does not establish ineffective assistance. To establish ineffectiveness, a defendant must show not only that trial counsel's performance was deficient, but also that the deficiency caused sufficient prejudice to deprive him of a fair trial.[12] Here, the evidence of Corn's guilt, including the identification of him by the victims as well as physical evidence, was overwhelming. Given the overwhelming evidence, it is highly probable that the failure to object to the pictures did not contribute to the guilty verdicts, so any deficiency in counsel's performance did not cause sufficient prejudice to deprive Corn of a fair trial.[13] Having reviewed the entire record, we find that the trial court did not err in denying Corn's claim of ineffective assistance of counsel.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JULY 3, 2002.

*Steven P. Berne*, for appellant.

---

[8] (Citation omitted.) *Scroggins v. State*, 237 Ga. App. 122, 124 (3) (514 SE2d 252) (1999).
[9] See *Mitchell*, supra.
[10] See *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999).
[11] See *Quintanilla v. State*, 273 Ga. 20, 22 (3) (537 SE2d 352) (2000).
[12] *Collins v. State*, 252 Ga. App. 645, 647 (3) (556 SE2d 850) (2001).
[13] See id. at 648 (3); *Green v. State*, 249 Ga. App. 546, 554 (4) (547 SE2d 569) (2001).

*James R. Osborne, District Attorney, Laura L. Herrin, Assistant District Attorney*, for appellee.