### A05A1016. MINTZ v. THE STATE.
(615 SE2d 152)

JOHNSON, Presiding Judge.

After a jury trial, Patrick and Demita Mintz were both convicted of possessing marijuana with intent to distribute. Patrick Mintz appeals from the conviction. He argues that during jury selection the trial court erred in excusing a prospective juror based on the juror's relationship by affinity to co-defendant Demita Mintz because, contrary to the trial court's finding, the relationship was not sufficiently close to mandate the juror's disqualification under OCGA § 15-12-135.[1] Mintz, however, did not raise this argument in the trial court and therefore he cannot raise it for the first time on appeal.

---

[1] OCGA § 15-12-135 (a) provides: "All trial jurors in the courts of this state shall be disqualified to act or serve in any case or matter when such jurors are related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree as computed according to the civil law. Relationship more remote shall not be a disqualification."

During voir dire, one of the prospective jurors stated that her aunt is married to Demita Mintz's brother. The trial court subsequently told the parties that it appeared the juror should be excused because she and Demita Mintz are related by affinity within the sixth degree. Demita Mintz's attorney asked for a bench conference, at which he stated, "Just for record purposes, we like her, and to boot, there may be potential problems. We have had a pretty thin pool as far as blacks, and she is black, and just for those reasons I would just rather have the State make a strike on that as opposed to striking for affinity."

In response, the judge reiterated that it looked to him as though the relationship between the juror and Demita Mintz would disqualify the juror. Patrick Mintz's attorney then said, "In actuality, I think she may be the same distance. She is Demita's nephew [sic]. So if you went back to their common ancestry, you would still be within [the] sixth." At that point, the judge ruled that he was going to excuse the juror because of the close relationship.

Demita Mintz's attorney noted his objection for the record, but did not specify any grounds for the objection. Patrick Mintz's attorney did not object to the ruling. The bench conference ended and the court excused the juror.

To preserve an objection upon a specific ground for appeal, the objection on that specific ground must be made at trial, or else it is waived.[2] Moreover, "[t]he disqualification of a juror may be expressly or impliedly waived by a party having cause to complain."[3] In this case, Patrick Mintz did not object on any ground — let alone the ground now asserted on appeal — to the trial court's disqualification of the juror. On the contrary, his attorney expressly agreed with the trial court that the relationship between the juror and Demita Mintz was within the sixth degree as prohibited by OCGA § 15-12-135. By failing to object to the disqualification of the juror, Mintz has waived that issue for appeal.

Mintz attempts to get around the fact that he did not object to, and indeed acquiesced in, the trial court's ruling by now claiming that he joined in Demita Mintz's objection to the excusing of the juror. The claim is without merit. The adopting of objections that he relies on took place during a *Batson*[4] motion made near the end of the jury selection, long after the court had excused the juror. At that point, Patrick Mintz adopted a specific *Batson* argument made by Demita

---

[2] *Clark v. State*, 248 Ga. App. 88, 91 (3) (545 SE2d 637) (2001).

[3] (Punctuation and footnote omitted.) *Collins v. State*, 252 Ga. App. 645, 647 (2) (556 SE2d 850) (2001).

[4] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

Mintz which had nothing to do with the juror previously disqualified by the court. He then also indicated that during the trial the parties would adopt each other's objections.

While the co-defendants may have agreed at that point to adopt each other's subsequent arguments during the trial, such an agreement is not tantamount to Patrick Mintz having also adopted a prior objection made by his co-defendant during voir dire. This is especially true in light of the fact that at the time of the court ruling in question, Patrick Mintz's attorney expressly agreed with the court's finding and acquiesced in the dismissal of the juror. "[A] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal."[5]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 9, 2005.

*Summer & Summer, Chandelle T. Summer*, for appellant.
*Jason J. Deal, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.

