# Court of Appeals
# of the State of Georgia

ATLANTA,  January 18, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0955.  DELOREAN MICHAEL WARD v. THE STATE.**

Delorean Michael Ward was convicted of aggravated sexual battery, aggravated child molestation, and child molestation. We affirmed his convictions on appeal. *Ward v. State*, 274 Ga. App. 511 (618 SE2d 154) (2005). Ward later filed a "Motion to Correct Void Sentence," which the trial court denied. Ward now appeals.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Ward argued that his child molestation and aggravated child molestation convictions should have merged under OCGA § 16-7-1 (a), which "renders illegal a *conviction* for a crime that should have merged." *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). Thus, "a claim that a charge should have merged under OCGA § 16-1-7 is a specific attack on the conviction." Id. However, a motion to vacate a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from an order

denying such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (1). In the absence of a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   01/18/2019*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*