**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 29, 2025**

# In the Court of Appeals of Georgia

A25A0933. STRONG v. THE STATE.

PER CURIAM.

A jury found Christopher Strong guilty of reckless driving and speeding. Following the denial of his amended motion for new trial, Strong appeals, arguing that the trial court erred in precluding him from cross-examining the arresting deputy regarding his personnel records because such evidence is relevant to the deputies' reputation for truthfulness. For the reasons that follow, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Clarke v. State*, 317 Ga. App. 471, 471-472 (1) (731 SE2d 100) (2012) (punctuation and footnote omitted). So viewed, while assisting on a separate traffic stop in May 2022, Deputy Loucks of the Forsyth County Sheriff's Office was parked parallel to GA 400 facing in the direction of travel. The speed limit where he was parked was 65 miles-per-hour (mph). Loucks heard a loud exhaust coming from behind his vehicle and observed a black Charger weaving in and out of traffic and overtaking vehicles. He estimated the Charger was speeding in excess of 100 mph. Loucks activated his radar, which indicated the Charger was traveling at 105 mph. There was medium traffic and no other vehicles were driving in a similar manner to suggest that the radar was indicating the speed of any vehicle but the Charger. Loucks initiated a traffic stop and found Christopher Strong driving the car. Instead of arresting Strong for his reckless driving, Loucks cited him for speeding and released him.

Before trial, the trial court heard from the parties regarding Strong's intention to cross-examine Loucks regarding certain entries from his personnel file. Specifically, Strong wished to cross-examine Loucks about correspondence from other officers that described Loucks's experience while working as a rookie officer for another agency

in 2014.[1] Strong presented the court with a copy of the personnel record and was allowed to explain why each incident described could be probative of Loucks's character for untruthfulness. After reviewing the correspondence and Strong's proffer, the trial court found that none of the events described were relevant to show untruthfulness, especially given the temporal remoteness to the facts of this case.

A jury convicted Strong of reckless driving and two counts of speeding. Following the hearing on Strong's motion for new trial, the trial court merged the speeding convictions into the reckless driving charge but otherwise found no errors and denied Strong's amended motion for new trial. This appeal follows.

On appeal, Strong argues that he should have been permitted under OCGA § 24-6-608 (b) to attack Loucks's character for truthfulness or untruthfulness utilizing the correspondence contained in his personnel file. We disagree.

---

[1] Strong also wished to cross examine Loucks regarding a more recent event. His counsel, however, chose not to submit this instance for the trial court to consider. To the extent Strong's appellate brief can be construed to complain it was error to preclude cross examination regarding this event, this argument is waived. See *Mintz v. State*, 273 Ga. App. 211, 212 (615 SE2d 152) (2005) ("To preserve an objection upon a specific ground for appeal, the objection on that specific ground must be made at trial, or else it is waived.")

OCGA § 24-6-608 governs the admissibility of evidence pertaining to the character and conduct of a witness. Subsection (b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than a conviction of a crime as provided in Code Section 24-6-609, or conduct indicative of the witness's bias toward a party may not be proved by extrinsic evidence. Such instances may however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness:
>
> (1) Concerning the witness's character for truthfulness or untruthfulness; or
>
> (2) Concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

"Because OCGA § 24-6-608 (b) places the decision whether to admit specific instances of conduct within the trial court's discretion, we will reverse the trial court's ruling only on an a clear abuse of that discretion." *Gaskins v. State*, 334 Ga. App. 758, 762 (1) (a) (780 SE2d 426) (2015). Trial court judges are given wide latitude to impose restrictions on cross examination based on concerns about prejudice, confusion of the

issues, or interrogation that is only marginally relevant. *Daniels v. State*, 349 Ga. App. 681, 684 (2) (b) (824 SE2d 754) (2019).

Under the express language of the statute, attacking a witness's character for truthfulness may not be done through the use of extrinsic evidence, but the trial court—in its discretion—may permit inquiry on cross-examination as to specific instances of conduct. See, e. g., *Douglas v. State*, 340 Ga. App. 168, 172 (2) (796 SE2d 893) (2017). In order to permit such questioning, however, "the specific instances of conduct must involve acts probative of untruthfulness, including misconduct such as perjury, fraud, swindling, forgery, bribery and embezzlement." *Central Georgia Women's Health Center, LLC v. Dea*n, 342 Ga. App. 127, 140 (2) (800 SE2d 594) (2017) (citation and punctuation omitted).

Here, the record before us does not establish that the trial court abused its discretion in precluding any cross-examination about the 2014 instances. The trial court reviewed every alleged instance of misconduct and found that none of the events bore on Loucks's character for telling the truth, instead reflecting mistakes by a rookie officer. Compare *Dean*, 342 Ga. App. at 141 (2) (cross examination authorized when instance involved deliberate deception rather than a simple mistake). Moreover, these

instances of conduct took place in 2014, nearly a decade before Loucks's testimony. See *Douglas*, 340 Ga. App. at 174 (2) (temporal remoteness precluded cross-examination under OCGA § 24-6-608 (b)). Accordingly, we conclude that the trial court had a substantive basis for exercising its wide discretion to preclude cross-examination into Loucks's personnel record. See *Daniels*, 349 Ga. App. at 684 (2) (b) (statement in personnel record not admissible to attack character for truthfulness); *Williams v. State*, 332 Ga. App. 546, 549 (1) (b) (774 SE2d 126) (2015) (no error in trial court prohibiting cross-examination of a witness about a statement he made in a publication about lying).

Furthermore, to the extent that Strong challenges the trial court's determination that these incidents were not probative of Loucks's character for truthfulness, he leaves this Court with nothing to review as the personnel records at issue are not included in the record. "It is well settled that the appellant bears the burden of compiling a complete record and ensuring that evidence introduced at a hearing is included in the record transmitted to this Court." *Holland v. State*, 357 Ga. App. 87, 90 (2) (c) (850 SE2d 170) (2020) (citation omitted). "When a portion of the evidence bearing upon the issues raised by the enumerations of error is not brought

up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." Id. (citation omitted). Because Strong has failed to provide sufficient information in the appellate record to challenge the trial court's determination that these incidents were not relevant to Loucks's character for truthfulness, the trial court's conclusions must be upheld. See id.

*Judgment Affirmed. Division Per Curiam. All Judges concur.*