45429. ANDERSON v. THE STATE.
(368 SE2d 500)

WELTNER, Justice.

David Juan Anderson shot and killed Jeffery Street with a handgun. He was indicted for felony murder, and was tried and found guilty of that offense.[1]

A group of people, including Anderson and Street, were gathered around an outdoor fire during the evening hours. Anderson had a handgun that he pointed at several people. Street complained about the weapon, telling Anderson that he was afraid of guns. Anderson displayed the cylinder of the pistol to demonstrate that it was empty. When he pointed it at another member of the group and pulled the trigger, it did not discharge. When he pointed the weapon at Street and pulled the trigger, the weapon fired. Street was fatally injured. Anderson fled, and was arrested the following day.

1. From the evidence in this case, a rational trier of fact could have found Anderson guilty beyond a reasonable doubt of the murder

---

is expected or intended by the insured."

[1] The crime was committed on December 21, 1986, and Anderson was indicted on August 10, 1987. He was tried and convicted on September 17, 1987. His motion for new trial was filed on October 6, 1987. On November 6, 1987, the trial transcript was approved and ordered filed by the trial court. The motion for new trial was denied on December 14, 1987. This appeal was docketed in this court on January 25, 1988, and was submitted without oral argument on March 15, 1988.

of Street. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Upon his arrest, Anderson agreed to take the officers to the place where he had buried the weapon. During the *Jackson v. Denno* hearing that followed his motion to suppress, Anderson testified that he was not advised of his rights at the time of his arrest, or at any time before he agreed to show the officers the location of the handgun. The arresting officers testified he was advised of his rights immediately upon his arrest, and *before* he agreed to take them to the weapon. The trial court chose to believe the officers rather than Anderson, and denied his motion to suppress. We have held many times that the trial court's ruling on the issues raised at a *Jackson v. Denno* hearing will not be disturbed unless the ruling is clearly erroneous. *Davis v. State*, 255 Ga. 598, 607, (340 SE2d 869) (1986).

3. A projectile was removed from Street's body during an autopsy. A firearms expert testified that it probably was discharged from the handgun identified by Anderson. Anderson contends it was error to admit the projectile, as the expert could not be positive in his identification.

> "The admission of evidence is a matter which rests largely within the sound discretion of the trial judge." [Cit.] However, "The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value," [cit.], and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. [Cit.]

*Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360) (1980). Additionally, there was only one projectile in Street's body, and Anderson had stated, in effect, that the identified weapon had fired the fatal shot. As such, there was no harm.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 3, 1988.

*David E. Morgan III*, for appellant.

*John C. Pridgen, District Attorney, James E. Turk, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General*, for appellee.