### 46054. McEVER v. THE STATE.

(373 SE2d 624)

WELTNER, Justice.

David McEver was found guilty of the felony murder of Marcia Knauss, his fiancee. He was sentenced to life imprisonment.[1]

1. McEver contends the evidence fails to meet the test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). He also contends the evidence fails to corroborate his confession, as required by OCGA § 24-3-53. We have reviewed the evidence and conclude that a rational trier of fact could have found McEver guilty of felony murder beyond a reasonable doubt. We further find McEver's confession was corroborated amply by other evidence.

2. McEver contends Georgia's felony murder statute, OCGA § 16-5-1, violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States. This contention was not made in the trial court, and will not be considered. *Shirley v. State,* 254 Ga. 723 (334 SE2d 154) (1985).

3. A request to charge was made by McEver with respect to intoxication as a defense to murder. The request was:

> If because of the influence of alcohol (drugs or narcotics), one's mind becomes so impaired as to render him incapable of forming an intent to do the act charged, or to understand that a certain consequence is likely to result from it, he would not be criminally responsible for the act. Whether or not that is true is a question for the jury to determine. [2]

---

[1] The crime was committed on July 8, 1987, and McEver was indicted during the July 1987 term for malice murder, aggravated assault with a deadly weapon, rape, and aggravated assault with intent to rape. The trial court dismissed the rape charge and severed the assault with a deadly weapon charge. The aggravated assault with intent to rape charge, on which McEver was found guilty, merged with the felony murder charge. McEver was found guilty and was sentenced on March 11, 1988. His motion for new trial was filed on April 5, 1988, and was amended on July 3, 1988. The motion was denied on July 11, 1988. The trial transcript was certified by the court reporter on June 29, 1988, and the transcript of records was filed in this court on July 27, 1988. This appeal was argued before this court on September 27, 1988.

[2] The language in the request to charge comes from "Suggested Pattern Jury Instructions, Volume II, Criminal Cases," published by the Counsel of Superior Court Judges of Georgia, page 56. The caption that precedes the pattern charge is: "Voluntary intoxication;

The trial court did not give this charge, rather it charged in the language of OCGA § 16-3-4: "Voluntary intoxication shall not be an excuse for any criminal act or omission." McEver contends that because he is a chronic alcoholic, his intoxication on the morning of the murder was involuntary; and that by reason of this involuntary intoxication he did not have sufficient mental capacity to distinguish between right and wrong. This contention was rejected by this court in 1860, *Choice v. State*, supra at n. 2, and the General Assembly as early as 1833 provided that voluntary intoxication would not excuse criminal conduct. Because the requested charge was not adjusted to McEver's defense (grounded on his voluntary intoxication), the trial court did not err in rejecting it.

4. McEver contends the alibi charge given by the trial court was unconstitutionally burden shifting under *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). The alibi charge given by the court was approved in *Felker v. State*, 252 Ga. 351 (3) (314 SE2d 621) (1984). There was no error.

5. McEver asserts that it was error to allow into evidence statements given to police officers during their investigation of the murder because the statements were involuntary. There were sharp conflicts between the testimony of McEver and of the police officers concerning the statements. The trial court conducted a *Jackson v. Denno* hearing and concluded the statements were voluntarily given by McEver. "We have held many times that the trial court's ruling on the issues raised at a *Jackson v. Denno* hearing will not be disturbed unless the ruling is clearly erroneous." *Anderson v. State*, 258 Ga. 278, 279 (368 SE2d 508) (1988). The trial court's ruling on this issue was not clearly erroneous.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 1988 — RECONSIDERATION DENIED
DECEMBER 14, 1988.

*J. M. Raffauf,* for appellant.
*Robert E. Wilson, District Attorney, Eleni A. Pryles, Assistant*

---

insanity resulting from excessive continued use of alcohol." The cases cited in reference (*Thomas v. State*, 105 Ga. App. 754, 757 (125 SE2d 679) (1962), and *Choice v. State*, 31 Ga. 424 (1860)), both stand for the proposition that voluntary intoxication is *never* a defense to crime. We note that the same pattern charge was referred to in our decision of *Pope v. State*, 256 Ga. 195, 208 (345 SE2d 831) (1986), but merely to point out a contradiction in the instructions given to the jury, and not by way of approval. The validity of the pattern charge, then, is limited to cases raising the issue of an inability to distinguish between right and wrong by virtue of mental impairment. See our recent case of *Horton v. State*, 258 Ga. 489, 491 (371 SE2d 384) (1988), as follows: "Voluntary intoxication is not a defense to a crime unless such intoxication has resulted in the alteration of brain function so as to negate intent. Even then, the brain function alteration must be more than temporary."

770

District Attorney, Michael J. Bowers, Attorney General, Leonora Grant, for appellee.