46244. NUNNELLEY v. THE STATE.
(373 SE2d 755)

SMITH, Justice.

The appellant, Donna Kay Nunnelley, was indicted and convicted of malice murder, felony murder, and aggravated assault. She was sentenced to life imprisonment for malice murder and a concurrent term of years for aggravated assault. We affirm.[1]

The appellant and victim were not married but were living together. The evidence shows that the appellant, the victim, and a coworker began drinking after work. During the evening, the appellant and victim had several heated arguments. After the last argument, the appellant slapped the victim in the head. She fled the house for a while and then returned. As she approached the front yard, the victim ran up to her from behind and pushed the appellant into some bushes and raised his fist to hit her. The appellant ran into the house and

---

[1] The crime was committed on May 13, 1987. The Clayton County jury returned its verdict of guilty on July 13, 1988. Notice of Appeal was filed on August 12, 1988. The transcript of evidence was filed on September 15, 1988. The record was docketed in this court on September 26, 1988. The case was submitted on November 11, 1988.

picked up the telephone to call her mother. The victim followed and grabbed the phone and threw it away from her. As the victim threw the phone, the appellant fled the house and ran through a screen door.

After awhile the appellant returned to the house. As she walked through the kitchen she picked up a knife. She encountered the co-worker as he talked on the telephone. She testified that she was afraid that the co-worker would alert the victim so she threatened him with the knife. She then walked down the hall to the bedroom. When she opened the bedroom door, she was startled as the victim was standing at the door. Appellant stabbed him once in the chest and ran.

1. Reviewing the evidence, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in sustaining the state's objections concerning testimony of previous difficulties which the appellant intended to use to lay a foundation for the testimony of an expert witness on the battered woman syndrome. There was no proffer of the proposed evidence in this case, therefore, the trial court did not err in disallowing this testimony for the purpose for which it was offered.

3. The appellant also argues that the trial court erred in that it failed to specifically rule that the appellant's statements made during custodial interrogation were voluntary in accordance with the requirements of *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). The trial judge found the statement was not incriminating nor otherwise inadmissible. A trial court's ruling on the issues raised at a *Jackson v. Denno* hearing will not be disturbed unless the ruling is clearly erroneous. *Anderson v. State*, 258 Ga. 278, 279 (368 SE2d 508) (1988). The trial court's ruling was not clearly erroneous.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents as to Division 2 and the judgment.*

DECIDED DECEMBER 1, 1988.

*Simmons, Ballard, Martin & Thompson, Keith C. Martin,* for appellant.

*Robert E. Keller, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.