## A94A1497. HEIGHT v. THE STATE.
(448 SE2d 726)

BEASLEY, Presiding Judge.

Following a jury trial, appellant Height was convicted of one count of simple assault (OCGA § 16-5-20), one count of rape (OCGA § 16-6-1), and four counts of battery (OCGA § 16-5-23.1).

The victim, Beverly Smith, testified that she and appellant had been living together for over four years. On the afternoon of October 18, 1991, he got off work and gave her money to pay utility bills and buy groceries, which she did. After coming in and out of the house several times, he asked her for the money. When she told him that she had used it to pay the bills and buy the groceries, he accused her of lying. He appeared to be under the influence of alcohol or drugs and began to beat her with his fists, slap her, and push her around. He left the house but came back. She hid in the closet and heard the sound of glass and other things breaking. When it became quiet, she tried to sneak out of the closet but he caught her from behind and began stomping her in the ribs and kicking her on the side and face with such force that he left a shoe print on her face.

Both he and the victim then left. She went to a neighbor's house. Someone who had heard the noise called the victim's family and the police. When the victim later returned to her house, both Police Sergeant Aikens and appellant were there. Appellant was asleep in a chair. The victim said she did not want to press charges. After Aikens left, members of the victim's family arrived, and appellant left.

He returned while she was taking a bath, raped her several times at knifepoint throughout the course of the night, and threatened to kill her. When he allowed her to go to the bathroom, she sneaked out of the house and went to a neighbor. A few days later, she decided to press charges against appellant because she was afraid she might not survive if she did not do so.

Numerous witnesses testified that they observed the victim's physical injuries. Upon his arrest, appellant denied that he had had sex with the victim within the last several weeks. DNA testing of sperm recovered from her vagina matched appellant's DNA pattern. Appellant admitted at trial that he and the victim did have sex at the time in question but he stated it was consensual. In explanation of her physical injuries, he testified that they had gotten into a fight after drinking and smoking crack cocaine.

1. Appellant contends that the court erred in denying his request for a mistrial because evidence presented at trial impermissibly placed his character in evidence.

Appellant testified on cross-examination that "it wasn't in my nature and desire to hurt [the victim] or anyone else." In order to impeach this testimony, Sergeant Aikens testified that he had dealt

with appellant two or three times, and one time it took four officers to control him and place him under arrest without their getting hurt or hurting him.

Although appellant did not place his character in issue within the meaning of OCGA § 24-9-20 (b), the State could introduce evidence reflecting negatively on his character insofar as that evidence proved the falsity of his specific testimony. *Gaither v. State*, 194 Ga. App. 213, 214 (1) (390 SE2d 113) (1990). To the extent that Aikens testified that on a prior occasion appellant had attempted to hurt someone else, such testimony was admissible to prove the falsity of appellant's statement that it was not in his nature and desire to hurt anyone. Aikens' testimony that he had dealt with appellant two or three times and that appellant had been placed under arrest did reflect negatively on his character without proving the falsity of his testimony and was thus improper. However, given the evidence of similar crimes properly admitted in evidence, as held in Division 5, infra, it is highly probable that any error in admission of the improper portion of Aikens' testimony was harmless.

2. Appellant contends that the court erred in admitting certain hearsay evidence.

An emergency room physician testified that the victim Smith came to the hospital on the evening of October 21, 1991, and stated that she had been assaulted and raped by her boyfriend. The State asked the physician if Smith had related any further details of that incident, whereupon appellant raised a hearsay objection. The court overruled the objection on the ground that statements made for the purposes of medical diagnosis or treatment and describing medical history fall within an exception to the hearsay rule. See OCGA § 24-3-4. The physician then testified that Smith had stated that she had been hit with fists and kicked in various locations of her body before being forcibly raped.

In reliance upon *Johnson v. State*, 149 Ga. App. 544, 545 (5) (254 SE2d 757) (1979), appellant now argues that the victim's out-of-court identification of him as the perpetrator was unnecessary to any legitimate purpose addressed in OCGA § 24-3-4 and the admission of that portion of her statement was error. He did not object to that portion of her statement at trial and therefore waived this objection. *Thrasher v. State*, 204 Ga. App. 413, 414 (4) (419 SE2d 516) (1992).

3. Appellant contends that the court's instruction to the jury on moral and reasonable certainty violated the United States Constitution and denied him due process and equal protection of the laws, as guaranteed by the 1983 Georgia Constitution, Art. I, Sec. I, Pars. I and II.

The trial court's reference to "moral and reasonable certainty" in this case was the same as that given in *Lloyd v. State*, 214 Ga. App.

564 (1) (449 SE2d 173) (1994), except that in this case the court mentioned it only once, whereas in *Lloyd* the court referred to it twice. Here and in *Lloyd*, the court instructed that each element of the crime must be proven "beyond a reasonable doubt and to a moral certainty." In *Lloyd*, the court later added, as part of its explanation of the State's burden, that "[m]oral and reasonable certainty is all that can be expected in a legal investigation." This portion of the instruction was not given to appellant's jury.

The court repeatedly charged that conviction required proof beyond a reasonable doubt. On the other hand, the one reference to a "moral and reasonable certainty" was given in the conjunctive, not the disjunctive. Thus it did not affect the proper standard. Whether it can be regarded as a higher or lower standard than "beyond a reasonable doubt" or as a subjective rather than an objective one is of no consequence in this case, because it was given as a separate, *additional* standard. If it was perceived by the jury as a lower standard, the jury had to find guilt *at least* beyond a reasonable doubt, so defendant was not harmed. In either event, it did not affect the traditional standard.

Consequently, we do not reach the state constitutional question not addressed in *Lloyd* but sought to be raised here. As given, the complained-of charge did not modify the "beyond a reasonable doubt" standard. If it had, then the issue of whether it reduced the standard required by the Georgia Constitution would be ripe.

As to the federal constitutional challenge, it fails on its merits for the additional reasons given in *Lloyd*.

4. Appellant contends that the court erred in refusing to instruct the jury regarding his inability to form criminal intent as a result of his intoxication.

With regard to his voluntary intoxication, appellant requested that the jury be instructed that if the influence of alcohol impairs a person's mind to the extent that the person is not able to form an intent to do the act charged, that person would not be criminally responsible for the act. "Voluntary intoxication is not a defense to a crime unless such intoxication has resulted in the alteration of [the] brain function so as to negate intent. Even then, the brain function alteration must be more than temporary." *Horton v. State*, 258 Ga. 489, 491 (8) (371 SE2d 384) (1988). The validity of appellant's request to charge is limited to cases raising the issue of an inability to distinguish between right and wrong by virtue of mental impairment. *McEver v. State*, 258 Ga. 768, 769, n. 2 (373 SE2d 624) (1988). This case does not raise that issue.

5. Appellant contends that the court erred in allowing evidence of similar transactions to be admitted when the prejudicial effect outweighed the probative value.

The similar transactions consisted of the following: (1) In February 1989, appellant had been drinking, got into an argument with the victim about whether she had been dating other men, slapped her and stabbed her with a knife, pled guilty to a charge of aggravated assault, and was put on probation. (2) In November 1989, appellant committed a battery on the victim by striking her, as a result of which a portion of his probation was revoked. (3) Between June and August 1991, appellant committed another battery on the victim by kicking her and breaking her arm. (4) In 1987, appellant struck the victim in the mouth and broke a plate of her false teeth. (5) Between June and August 1991, appellant punched the victim and struck her in the ribs. (6) Between March and August 1990, appellant beat the victim about the face, dragged her into the front yard, and urinated on her. The State sought to admit this evidence to show appellant's bent of mind and modus operandi.

Appellant concedes that the first transaction is sufficiently connected to the case at bar to warrant its admission in evidence. He argues that the other five are not. Evidence of prior difficulties between an accused and a victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. *Alvin v. State*, 253 Ga. 740, 743 (7) (325 SE2d 143) (1985). The prior difficulties here all took place within several years of the occurrences giving rise to the present charges. Some took place within several months. All involved either an assault or batteries committed by appellant upon the victim. These other transactions were all sufficiently similar to the crimes charged to warrant their admission under *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991).

6. Finally, appellant contends that the evidence does not support the verdict.

"[T]he credibility of witnesses and the resolution of [conflicts in the evidence] are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to [the] verdict. (Citation and punctuation omitted.) [Cits.]" *Self v. State*, 208 Ga. App. 447, 448 (3) (431 SE2d 126) (1993). The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses for which he was convicted and sentenced. *Metts v. State*, 210 Ga. App. 197 (1) (435 SE2d 525) (1993).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 2, 1994.

*Albert A. Myers III*, for appellant.
*Cheryl F. Custer, District Attorney, Richard R. Read, Assistant*

*District Attorney,* for appellee.