## A96A1441. HARRIS v. THE STATE.
(473 SE2d 229)

BIRDSONG, Presiding Judge.

Appellant Leroy Harris appeals his judgment of conviction of

burglary and criminal trespass. He enumerates two errors. *Held*:

1. Appellant asserts in his first enumeration of error that the only intent evidence that could have supported the "unlawful purpose" element of criminal trespass was the intent to commit a theft and that this intent was rejected by the jury when they did not convict him of burglarizing the Sigma Alpha Epsilon fraternity house. However, the record reveals precisely the opposite view taken by appellant's counsel during trial. Vigorously arguing for the inclusion of a criminal trespass charge, counsel for the appellant stated, "There are any number of unlawful intents he could have had whether or not he admitted he had them based on the evidence here. . . . It may have been an intent to deface property, to scare people, to interfere or to commit some offense other than theft."

Even if appellant's sole intent in entering the SAE house was to commit theft, this is sufficient to constitute an unlawful purpose. Entry for the purpose of stealing is comprehended by OCGA § 16-7-21 in that it is an entry on premises without authorization for an unlawful purpose. *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant entered the SAE house without authority in order to commit a theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Around 3:00 a.m., appellant was found walking up the stairs toward the same bedrooms which had been ransacked and burglarized a few hours earlier. Testimony revealed that many items remained in the upstairs rooms. A rational trier of fact could have found that appellant was returning to the SAE house to further burglarize the upstairs rooms.

Further, reviewing the charges in totality, as we are required to do, reveals that appellant's additional contention (in an attempt to support this enumeration) that the jury was charged with the elements of criminal trespass as separate offenses is without merit. *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). The trial court properly charged the jury with criminal trespass as a lesser included offense of burglary in both counts.

2. In his second enumeration, appellant alleges that the evidence was insufficient as a matter of constitutional due process to prove appellant's guilt of burglary of the Emmanuel Episcopal Church because the State failed to provide sufficient evidence of appellant's lack of authority and intent to commit theft. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*,

195 Ga. App. 463 (1) (393 SE2d 737). Applying this standard, appellant's insufficiency arguments must fail.

Appellant first argues that he came into the church secretary's office with the presumption of authority. This assertion is not supported by the record. Appellant was not found simply wandering through the corridors of the church or within the sanctuary. Rather, appellant was found in a private office's closet with the lights out and a check from the cash box in his hand. The office, particularly the closet, is a room for the exclusive use of a limited number of authorized persons and is wholly enclosed. *Dixon v. State*, 165 Ga. App. 133, 135 (299 SE2d 608). Despite the semi-public nature of a church, a rational trier of fact could have found beyond a reasonable doubt that appellant did not have authority to enter a closed closet inside a private office.

Appellant further contends the State failed to present evidence showing intent to commit a theft. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of burglary. *Jackson v. Virginia*, supra. Whether appellant entered the church with intent to commit theft was a matter for the factfinder to decide based on the facts and circumstances proven at trial. *Addis v. State*, 203 Ga. App. 270 (416 SE2d 837). The presence of valuables inside the premises can support an inference of intent to steal, particularly when no other motive is apparent. *McNair v. State*, 190 Ga. App. 412, 413 (1) (379 SE2d 424). Here, that appellant was found actually holding the only valuable in the closet makes the jury's finding of an intent to commit theft all the more reasonable. That appellant did not accomplish his apparent purpose of stealing the check does not render a finding of burglary improper. His intention to steal the check is sufficient to find him guilty of burglary. *Poole v. State*, 130 Ga. App. 603, 605 (2) (203 SE2d 886).

Finally, appellant contends circumstantial evidence of appellant's mental infirmities offered a reasonable alternate explanation of appellant's actual intent in entering both the SAE house and the Emmanuel Episcopal Church. However, to support the verdict, circumstantial evidence must exclude only reasonable hypotheses, and the question of reasonableness of any hypothesis when evidence is circumstantial is a question for the jury. *Harris v. State*, 236 Ga. 242, 244 (1) (223 SE2d 643); *Gazaway v. State*, 207 Ga. App. 641, 643 (428 SE2d 659). The circumstantial evidence need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Under this rule, the State is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769). A rational trier of fact could have found that appellant's alleged mental

infirmities either did not exist or did not provide a reasonable alternate explanation of appellant's behavior. Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt in both convictions.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JUNE 28, 1996.

*Rosemary M. Hathaway*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.