## A05A0108. RAILEY v. THE STATE.
### (615 SE2d 609)

ADAMS, Judge.

Kevin Grant Railey was convicted of burglary. He was sentenced as a recidivist. On appeal, Railey contends the evidence was insufficient to support the verdict, that his sentence was improper, and that trial counsel was ineffective.

Construed in favor of the verdict, the evidence shows that Paul LaPerre was home sick on a weekday, watching TV with his dog when he heard a loud car drive by his house; he then watched the car back all the way up his long driveway. The garage door was open at the time. LaPerre watched from a window as Railey walked around the back of the house; but Railey never knocked, rang a doorbell, or called out to see if anyone was home. Railey then came around front and started up the front steps, but when the dog barked, Railey stopped and went back down the steps toward the garage, which was on a lower level. Railey was out of sight for about a minute when LaPerre heard the door from the garage to the kitchen open. The dog again barked, and LaPerre heard the door close.

LaPerre then went downstairs to the kitchen, holding a fireplace poker as a weapon. He opened the door to the garage, saw Railey standing there, and yelled, "What the hell are you doing here?" Railey responded, but LaPerre could not understand what he said. Railey then hurried to his car, which was running, and drove away quickly across LaPerre's yard, spinning his tires as he did so. LaPerre noted the make and model of the car as well as part of the information on the license plate, including that the car was registered in a different county. Sometime after Railey left, LaPerre noticed that his chainsaw was missing from his garage; it had been sitting just outside the door that LaPerre heard open and close. The chainsaw was never recovered, either from Railey or any nearby pawnshops.

1. On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the

witnesses. *Brown v. State*, 265 Ga. App. 613 (594 SE2d 770) (2004). To sustain a conviction, the evidence must be sufficient to enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person commits the offense of burglary "when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a).

> Burglary does not require a completed theft, but merely the intent to commit a theft. *Ford v. State*, 234 Ga. App. 301, 302 (1) (506 SE2d 668) (1998). The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial. *Harris v. State*, 222 Ga. App. 56, 58 (2) (473 SE2d 229) (1996). Factors from which a jury may infer criminal intent include the presence of valuables on the premises, the defendant's holding such valuables, and the defendant's fleeing upon being discovered. Additionally, evidence of an unauthorized entry makes the finding of a further criminal intent all the more reasonable.

(Footnotes omitted.) *Wilson v. State*, 261 Ga. App. 576, 577 (1) (583 SE2d 243) (2003).

In this case, the jury was authorized to infer intent to commit a theft from the fact that Railey backed his car up a long driveway to an open garage, that he left his car running, that valuables were present and turned up missing, that he did not knock or otherwise announce himself, that he was not authorized to enter onto the property or into the garage, that he opened the door to the interior of the house, and that he fled in haste. See also *Ford v. State*, 234 Ga. App. at 302 (1).

2. Railey contends his trial counsel was ineffective. He contends that his counsel failed to call an important witness or to request a recess to pursue the witness. He also contends counsel failed to adequately discuss the case with him including the "various plea options."

The standard for assessing whether trial counsel rendered constitutionally effective assistance is set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Under *Strickland*, a criminal defendant must show both that his counsel's performance was deficient, and but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. See also *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

Absent a proffer of the purported testimony of the alleged witness, Railey's claim on this point fails. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615-616 (458 SE2d 623) (1995). Likewise, Railey has failed to show how any additional discussion of the case with his attorney would have affected the probable outcome of the trial. Furthermore, Railey's counsel testified that he did explain to Railey that he had options, including pleading guilty. Therefore, we find no error in the trial court's decision denying the motion for new trial on these grounds.

3. Following Railey's motion for new trial, the trial court granted a new trial as to Railey's sentence because "the State failed to introduce any admissible evidence regarding [Railey's] prior convictions, and as such, the Court erred in sentencing [him] as a recidivist." At his resentencing, the State introduced certified copies of prior convictions, and Railey was sentenced as a recidivist. Railey then raised the additional ground for new trial that the court erred by giving the State a second chance to introduce proper evidence of his prior convictions. That motion was denied, and Railey appeals that decision.

Railey's argument is essentially one of double jeopardy, but that argument fails because a retrial to establish a prior conviction for the purpose of enhancing a sentence is not prohibited:

> Whether double jeopardy precludes a retrial to establish a prior conviction depends upon whether the purpose of the conviction is to enhance the sentence or to prove an actual element of the offense. *State v. Atwood*, 16 SW3d 192, 194 (Tex. Ct. App. 2000). See also *Monge v. California*, 524 U. S. 721, 734 (II) (118 SC 2246, 141 LE2d 615) (1998) (double jeopardy does not preclude retrial on a prior conviction allegation in noncapital *sentencing* proceedings); *Holcomb v. Peachtree City*, 187 Ga. App. 258, 259 (1) (370 SE2d 23) (1988).

*Brantley v. State*, 272 Ga. 892, 893 (536 SE2d 509) (2000). Accordingly, this claim is without merit. See also *Wheeler v. State*, 270 Ga. App. 363 (606 SE2d 612) (2004) (remanding case for resentencing following failure of State to produce proper evidence of recidivist status).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 6, 2005.

*Scott A. Drake*, for appellant.

*Daniel J. Porter, District Attorney, John A. Steakley, Assistant District Attorney*, for appellee.