## A05A1004. MEEKS v. THE STATE.
### (618 SE2d 152)

ELLINGTON, Judge.

A Cobb County jury found David Alvin Meeks guilty of burglary, OCGA § 16-7-1 (a), and misdemeanor theft by taking, OCGA §§ 16-8-2; 16-8-12 (a) (1). He appeals from the judgment of conviction,[1] challenging the sufficiency of the evidence. We affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain a conviction, the evidence must be sufficient to enable a rational trier

---

[1] The trial court granted Meeks' motion for an out-of-time appeal on November 29, 2004.

of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt.

(Citations omitted.) *Railey v. State*, 273 Ga. App. 520, 520-521 (1) (615 SE2d 609) (2005).

Viewed in this light, the evidence showed that on August 19, 2003, the victim resided in an apartment complex in Mableton, Georgia, and Meeks lived next door with his mother. That afternoon, the apartment complex owner saw Meeks squatting outside his mother's apartment. Meeks had something wrapped around his hand. Shortly thereafter, the victim came home and discovered that his apartment had been burglarized and a .380 caliber pistol, valued at about $80, had been stolen from a drawer in his bedroom. The intruder had broken a kitchen window on the rear of the building to access the locked apartment, leaving blood on the window glass, the adjacent door, and throughout the house. The victim noticed blood inside the bedroom closet, on medicine bottles inside the closet, on furniture adjacent to the bed, on the bed, and in the drawer where the gun was stored.

A police officer arrived, inspected the victim's apartment, and followed a trail of blood to Meeks' apartment. The officer knocked on the apartment door and Meeks' sister answered. She let the officer inside and told him Meeks was asleep in his bedroom. After waking Meeks for questioning, the officer observed lacerations to Meeks' right hand and that he appeared "kind of groggy," disoriented, and confused. According to the officer, Meeks did not appear to be intoxicated, and the officer did not smell any odor of alcohol coming from Meeks. The officer asked Meeks how he injured his hand and Meeks said that he had gotten mad and punched a wall. When asked about the burglary, Meeks denied knowing anything about it. The officer observed blood droplets in the hall, kitchen, and bedroom of Meeks' apartment. The officer arrested Meeks. While in the patrol car, Meeks told his sister that he did not know if he took the gun, but if he did, he did not know what he did with it. According to Meeks' sister, sometime within the two weeks after Meeks was arrested, he told her that if she found the gun, she should throw it away.

On September 13, 2003, about a month after the burglary, Meeks' sister found the gun hidden in a closet in the apartment. She turned the gun in to the police who returned it to the victim.

A jury found Meeks guilty of burglary and theft by taking. After merging the theft by taking count with the burglary count, Meeks was sentenced to 20 years in prison.

Although Meeks admits on appeal that he entered the victim's apartment and took the gun, he argues that the evidence introduced

at trial was insufficient to prove he had the requisite intent to be found guilty of the offenses charged.

> A person commits the offense of burglary "when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1. Burglary does not require a completed theft, but merely the intent to commit a theft. The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial.

(Citations omitted.) *Railey v. State*, 273 Ga. App. at 521 (1). "Generally speaking, in a burglary trial a jury must, of necessity, find intent to commit a felony [or theft] on the basis of circumstantial evidence." (Citation omitted.) *Jackson v. State*, 270 Ga. 494, 496 (1) (512 SE2d 241) (1999).

> [T]o support the verdict, circumstantial evidence must exclude only reasonable hypotheses, and the question of reasonableness of any hypothesis when evidence is circumstantial is a question for the jury. The circumstantial evidence need not exclude every inference or hypothesis except that of the defendant's guilt. Under this rule, the State is not required to remove every possibility of innocence of the crime charged.

(Citations omitted.) *Harris v. State*, 222 Ga. App. 56, 58 (2) (473 SE2d 229) (1996).

Meeks claims that he was unaware of what he was doing when he committed the burglary, pointing to evidence that he was taking medication on the day of the burglary and had experienced a seizure two weeks earlier.[2] There was no evidence, however, regarding any specific medical condition of Meeks or the type of medication Meeks was taking. Further, there was no evidence that a medical condition, the medication, or the seizure could have affected Meeks' ability to form the intent to commit the crimes on the day of the burglary.

In contrast, there was substantial evidence from which a jury could infer that Meeks made an unauthorized entry into the victim's

---

[2] Meeks also argues that a psychiatric evaluation, which was not presented as evidence at trial, indicated that his voluntary alcohol consumption may have affected his cognitive capacity at the time of the burglary. Voluntary intoxication, however, is not an excuse for any criminal act. OCGA § 16-3-4 (c); see also *Height v. State*, 214 Ga. App. 570, 572 (4) (448 SE2d 726) (1994) ("Voluntary intoxication is not a defense to a crime unless such intoxication has resulted in the alteration of the brain function so as to negate intent. Even then, the brain function alteration must be more than temporary.") (citation and punctuation omitted).

apartment by breaking a window to open a locked door with the intention of committing a theft. This evidence included the injury to Meeks' hand, the blood found throughout the apartment, including on medication bottles in the victim's closet and the drawer in which the gun had been stored, and the fact that the gun was eventually found hidden in a closet in Meeks' apartment.

Having reviewed the evidence in the light most favorable to the prosecution, we find sufficient evidence from which the jury was authorized to conclude that Meeks intended to commit the crimes charged and that he was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979); *Kinney v. State*, 155 Ga. App. 95, 96 (2) (270 SE2d 209) (1980) (a jury may infer from the defendant's words, conduct, and demeanor, as well as other circumstances surrounding a crime, that he intended to commit the crime for which he was charged).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 19, 2005.

*Lawrence W. Daniel*, for appellant.

*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Dana J. Norman, Assistant District Attorneys*, for appellee.