### A08A0048. GRIFFIN v. THE STATE.

(662 SE2d 767)

JOHNSON, Presiding Judge.

A jury found Melinda Griffin guilty of possession of methamphetamine and giving a false name to a law enforcement officer. She appeals, asserting that the trial court erred by denying her access to exculpatory evidence, by refusing to rebuke the prosecutor for improper closing argument, and by allowing the prosecutor to attack her character. We find no reversible error and affirm.

On appeal from a criminal conviction, the appellant no longer enjoys a presumption of innocence, and we view the evidence in the

light most favorable to the verdict.[1] So viewed, the record shows that Officers Don Scalia and John Higginbotham of the Hall County Sheriff's Department, along with three other officers, went to Griffin's residence to investigate a burglary complaint that Griffin's neighbor had made against her. When Griffin answered the door, Scalia identified himself as a police officer and asked for her name. She said that she was Lisa McCune. Skeptical, Scalia went next door and spoke briefly with the neighbor, then returned to talk further with Griffin. This time, Griffin gave Scalia her correct name.

Scalia then asked Griffin if the officers could search her home, and she consented. Higginbotham searched Griffin's bedroom, where he found a purse containing her state identification and social security cards. He also found, inside the purse, a glass pipe that appeared to be a smoking device for methamphetamine, a baggy containing a small amount of a substance that appeared to be methamphetamine, and "a wooden spoon that could possibly be used for . . . weighing out methamphetamine to be distributed." The substance in the baggy later tested positive for methamphetamine at the Georgia Bureau of Investigation's crime lab.

Griffin was charged with possession of methamphetamine and giving a false name to a law enforcement officer, but she was not charged with burglary.

1. Griffin makes three related claims of error concerning the state's alleged failure to provide her with potentially exculpatory material. She asserts that the trial court erred by denying her motion to discover potentially exculpatory information in the state's investigative files on the burglary complaint lodged by her neighbor, by denying her request for an in camera inspection of those files, and by refusing to let her call the prosecutor to testify at the hearing on her motion for new trial so she could explore his knowledge of the burglary files.

Griffin's defense at trial was that her neighbor had planted the drugs, pipe, and spoon in her purse. At a pretrial hearing on her discovery motion, Griffin claimed that the material in the burglary files would have shown that her neighbor's burglary accusations were baseless and that her neighbor had the motive and opportunity to frame her on drug charges. The prosecutor countered that the burglary files were immaterial because Griffin had not been charged with burglary and he did not plan to introduce evidence of the burglary investigation or to call the neighbor as a witness. The court refused to order the discovery or to conduct an in camera inspection. Later, at the hearing on Griffin's motion for new trial, the court

---

[1] *Railey v. State*, 273 Ga. App. 520 (1) (615 SE2d 609) (2005).

refused to allow her to call the prosecutor as a witness to testify about the burglary files.

In *Brady v. Maryland*,[2] the United States Supreme Court held that the prosecution violates an accused's due process rights by withholding material evidence that is favorable to the accused.[3]

> There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.[4]

Griffin fails to establish that the state withheld the material in question or that she suffered prejudice.

First, it appears that the material was, in fact, disclosed to the defense. At trial, defense counsel introduced the subject of the burglary investigation by cross-examining the police officers about their reason for going to Griffin's residence. On redirect, the prosecutor refreshed Scalia's recollection by showing him police reports of the alleged burglary. The prosecutor also sought to introduce the reports into evidence, but defense counsel objected on various grounds, including hearsay. The court sustained the objections, and the reports were not admitted. Thus, the burglary reports *were* disclosed to the defense, albeit during trial rather than before trial. "*Brady* does not require pre-trial disclosure of materials sought under a *Brady* motion. *Brady* is not violated when the *Brady* material is available to defendants during trial."[5]

Second, Griffin has made no showing of prejudice. Higginbotham testified on cross-examination that his search of Griffin's residence yielded none of the items that her neighbor contended she had stolen. He also testified that the neighbor had previously been present, alone, in Griffin's bedroom. Thus, Griffin successfully presented to the jury evidence of the two facts she expected the burglary files to show — that the burglary charges were unfounded and that her neighbor had the opportunity to plant the drugs. Griffin does not indicate what further exculpatory facts, if any, she hoped the files would reveal. Under these circumstances, there is no reasonable probability that the outcome of the trial would have been

---

[2] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[3] See *Nikitin v. State*, 257 Ga. App. 852, 853-854 (1) (572 SE2d 377) (2002).

[4] (Citation and punctuation omitted.) *Nelson v. State*, 279 Ga. App. 859, 864 (2) (632 SE2d 749) (2006).

[5] (Citation, punctuation and footnote omitted.) *Floyd v. State*, 263 Ga. App. 42, 43 (587 SE2d 203) (2003).

different had the prosecutor turned over everything Griffin wanted when she asked for it.[6]

2. Defense counsel objected to two statements the prosecutor made in closing argument, but the trial court overruled both objections. Griffin argues that the court erred by not rebuking counsel. Contrary to Griffin's contentions, however, neither statement was sufficiently egregious to warrant reversal.

(a) In the first statement, the prosecutor said:

> [The judge] is going to tell you about possession. And it's an interesting argument by [defense counsel], and I don't want to speak too much of what [defense counsel] says but we don't have to pry her five little drug-using fingers away from dope to prove that she possessed dope. You know, I got to thinking. If the car you drove here today is stolen by some car thief and [defense counsel] represents the car thief, he would argue that it didn't happen.

Griffin contends that this hypothetical argument had nothing to do with the facts of her case and that it prejudiced her by suggesting that her lawyer would defend a guilty person who had harmed the jurors. She cites *Estep v. State*,[7] where we found reversible error in the prosecutor's argument that defense counsel "knows he doesn't have any merits on this case and he is just trying to confuse you."[8] We held that "it is . . . wrong for the prosecuting attorney representing the majesty of the state to comment that opposing counsel *knows* the defendant to be guilty or *knows* his client's case is not meritorious."[9]

We agree, for the reasons urged by Griffin, that the prosecutor's argument was improper and that the trial court erred by failing to rebuke the prosecutor as required by OCGA § 17-8-75.[10] Such errors, however, are "subject to application of harmless error analysis."[11] Because the improper argument here consisted only of one comment not directly related to Griffin's case, because the court twice told the jurors that the arguments of counsel were not evidence, and because

---

[6] See *Nikitin*, supra at 855-856 (1) (c).

[7] 129 Ga. App. 909 (201 SE2d 809) (1973).

[8] (Punctuation omitted.) Id. at 915 (8).

[9] Id. at 916 (8).

[10] See *Geoffrion v. State*, 224 Ga. App. 775, 780 (8) (c) (482 SE2d 450) (1997) (finding improper prosecutor's argument that defense counsel was not there to see justice or to see the right thing done), overruled on other grounds, *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

[11] (Citation and punctuation omitted.) *Walker v. State*, 281 Ga. 521, 524 (5) (640 SE2d 274) (2007).

there was ample evidence of Griffin's guilt, we conclude that it is highly probable that the court's failure to perform its duty under OCGA § 17-8-75 did not contribute to the verdict.[12]

(b) In the second statement of which Griffin complains, the prosecutor stated:

> Now, this wasn't a large amount of dope. . . . [Defense counsel] first said it was an empty bag they found . . . and then he wants to talk about why they didn't test, didn't test the pipe for more, a little solid material plus a trace amount on the pipe plus a trace amount on the spoon.

Griffin objected that this statement was improper because there was no evidence of any drug residue on the pipe or spoon. The trial court overruled the objection, stating that it was "up to the jury to recall and determine what the evidence of the case is." The prosecutor then stated that regardless of how little methamphetamine Griffin had, such possession was nevertheless illegal and serious.

Even if the prosecutor mischaracterized the evidence, we again find no reversible error. In light of defense counsel's immediate and detailed objection and the trial court's admonition that the jury was to determine the facts, it is highly probable that the court's failure to sustain defense counsel's objection did not contribute to the guilty verdict.[13]

3. Griffin complains that the prosecutor improperly attacked her character by introducing evidence of an outstanding arrest warrant. The record, however, shows that the evidence in question did not come in.

The prosecutor asked Scalia whether, after Griffin told him her real name, he had "call[ed] it in to see if there were any outstanding warrants on Melinda Griffin." Scalia answered that he had. The prosecutor then asked, "And did you find if there were?" Defense counsel objected that the prosecutor was "bringing out her character evidence," but the prosecutor insisted that the information was relevant to show Griffin's motive for being dishonest about her identity. The court overruled defense counsel's objection. Nevertheless, Scalia never answered the question, and the prosecutor moved on to another line of inquiry. Thus, no evidence regarding outstanding warrants came in, and Griffin has no basis for complaint.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

---

[12] See id.
[13] See id.

DECIDED MAY 23, 2008.

*Nicki N. Vaughan, Nathanael A. Horsley*, for appellant.
*Lee Darragh, District Attorney*, for appellee.