## A10A2106. PITTMAN v. THE STATE.
### (706 SE2d 126)

PHIPPS, Presiding Judge.

After a jury trial, Nicholas Pittman was convicted of family violence battery[1] for kicking his brother. Pittman appeals, arguing that he lacked mental capacity to commit the offense as his behavior was "clearly attributable to the after-effects of [a] concussion" he had suffered one week earlier. We affirm the conviction.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain a conviction, the evidence must be sufficient to

---

[1] OCGA § 16-5-23.1 (f).

enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt.[2]

So viewed, the evidence shows that on the evening of the incident, August 14, 2008, Pittman was at home with his wife. About a week earlier, on August 6, 2008, Pittman had suffered a concussion and was taken to the hospital for treatment. In the interim, Pittman had been having difficulty communicating, often blacked out, sometimes screamed that he was being attacked, needed assistance with basic tasks, and had to be supervised.

Some time after 7:00 p.m. on August 14, 2008, Pittman had consumed a portion of an alcoholic beverage, though his wife opined that it was not enough to render him intoxicated. Pittman went to bed, and when his wife attempted to straighten the covers, he jumped out of bed, screaming and exclaiming that someone was trying to kill him. Pittman then made a telephone call and asked someone to come get him because people were trying to kill him. Pittman ran out of the house and into the street, falling down and yelling. Pittman's wife was unable to calm him down.

Pittman's brother, Terrell Pittman, arrived at the house and saw Pittman talking to law enforcement officers. Pittman told Terrell Pittman that he and his wife had been arguing and he wanted to go home with Terrell Pittman; the officers did not object. When Pittman and Terrell Pittman arrived at their destination, Pittman continued to scream and beg for help. Terrell Pittman could not calm him down, and he called 911. A sheriff's deputy arrived to find Pittman arguing with and apparently trying to start a fight with Terrell Pittman, cursing and yelling loudly, and refusing to calm down or go inside the house. According to another brother of Pittman, who also was present, Terrell Pittman was not trying to help Pittman; rather Terrell Pittman "kept saying smart things" and remarking that Pittman "was faking it." While the deputy was placing Pittman under arrest for disorderly conduct, Pittman kicked Terrell Pittman in the leg, leaving a mark. Although Pittman's wife and his other brother testified that Pittman did not appear to them to be intoxicated, the deputy testified that Pittman had a strong odor of alcohol on his breath and appeared to be intoxicated. Terrell Pittman also testified that Pittman had a strong smell of alcohol about him.

OCGA § 16-5-23.1 (a) provides that a person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another. OCGA § 16-5-23.1 (f)

---

[2] *Meeks v. State*, 274 Ga. App. 517, 517-518 (618 SE2d 152) (2005) (citation omitted).

provides, in relevant part, that if the offense of battery is committed between persons living or formerly living in the same household, then such offense shall constitute the offense of family violence battery.

As discussed above, there was evidence that Pittman had suffered a concussion about a week before the underlying incident and in the interim had been behaving erratically. But there was also evidence that Pittman smelled of alcohol, that he had consumed alcohol earlier that evening, that he appeared to be intoxicated, and that he had been arguing with and trying to fight his brother shortly before he kicked him.

Contrary to Pittman's argument, evidence that he had suffered a concussion approximately a week earlier did not demand a finding that he lacked the requisite criminal intent to commit the battery as charged. Georgia law presumes every person is of sound mind and discretion; criminal trials begin with the rebuttable presumption that the defendant is sane, and this presumption is evidence.[3] The jury was free in this case to reject testimony that a concussion negated Pittman's ability to form criminal intent and to conclude instead that he intended to commit the offense,[4] perhaps inferring from the evidence that his conduct was attributable to his voluntary intoxication[5] and anger at Terrell Pittman, who had summoned law enforcement and accused him of "faking" his injury.[6] Conflicts in the testimony of the witnesses are for the jury to resolve.[7] This includes conflicts regarding the accused's intent to commit the crime charged.[8] Where, as here, there is sufficient evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[9]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 8, 2011.

*Carrol L. Perrin*, for appellant.

---

[3] *Durrence v. State*, 287 Ga. 213, 215 (1) (a) (695 SE2d 227) (2010).

[4] Id.

[5] See *Larsen v. State*, 253 Ga. App. 196, 198 (1) (558 SE2d 418) (2001) (voluntary intoxication is not an excuse for any criminal act).

[6] See generally *Campbell v. State*, 258 Ga. App. 863, 864-865 (575 SE2d 748) (2002) (criminal intent to commit aggravated battery inferred from fact that defendant was visibly angry with victim and the incident occurred after a heated verbal confrontation).

[7] See *Ward v. State*, 274 Ga. App. 511, 512 (1) (618 SE2d 154) (2005).

[8] Id.

[9] Id.

*Donald E. Moore, Solicitor-General, Donald L. Hudson, Jr., Assistant Solicitor-General,* for appellee.